

NORTHERN DISTRICT OF TEXAS

FILED

OCT - 6 2014

CLERK, U.S. DISTRICT COURT

By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HERBERT PHILIP ANDERSON,          §
                                  §
            Movant,               §
                                  §
VS.                               §   NO. 4:14-CV-192-A
                                  §   (No. 4:09-CR-115-A)
UNITED STATES OF AMERICA,         §
                                  §
            Respondent.           §


MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the

motion of movant, Herbert Philip Anderson, under 28 U.S.C. § 2255

to vacate, set aside, or correct sentence by a person in federal

custody.  After having considered such motion, its supporting

memorandum, the government's response, movant's reply, and

pertinent parts of the record in Case No. 4:09-CR-115-A, styled

"United States of America v. Herbert Philip Anderson," the court

has concluded that such motion should be denied.

I.

## Pertinent Background Information

The court's records in Case No. 4:09-CR-115-A disclose the following matters that appear to have potential pertinence to movant's § 2255 motion:

The criminal action against movant was initiated by the filing of a criminal complaint on August 19, 2009. An indictment was filed on September 9, 2009, and a superseding indictment was filed on October 14, 2009, charging movant in Count One with Conspiracy to Distribute and Possess with Intent to Distribute More than 500 Grams of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and §841(b)(1)(A), in Count Four with Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and in Count Five with Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The attorney who ultimately represented movant at trial was Kirk F. Lechtenberger. Trial began January 11, 2010.

Movant was one of three defendants who went to trial in this case, the other fifteen having pleaded guilty. The government's theory of the case was that a man named Thomas Gerry ("Gerry"), one of movant's co-defendants who had pleaded guilty, was the head of a conspiracy to distribute large amounts of methamphetamine, and that movant conspired with him, ultimately

2

leading to movant's convictions for distribution and possession of methamphetamine, and money laundering. The jury returned verdicts that movant was guilty of Counts One and Five, and not guilty of Count Four.

On May 13, 2010, movant was sentenced to serve a term of imprisonment of 360 months as to Count One and 240 months as to Count Five, to run concurrently, followed by a term of supervised release as to Count One of five years and as to Count Five of three years, to run concurrently, and to pay a special assessment of $100.00 as to each Count, for a total of $200.00.

II.

### Grounds of Movant's Motion

In "Petitioner's Memorandum of Points and Authorities in Support of § 2255 Writ of Habeas Corpus," movant sets forth the following twelve grounds in support of his request for habeas relief under § 2255:

First Ground:

Falsified evidence or falsified evidence was recklessly used by the Government, and permeated this matter from the inception of the case.

Mem. at 21.

3

<u>Second Ground</u>:

The indictment should be dismissed due to government misconduct.

<u>Id.</u>

<u>Third Ground</u>:

Failure of trial counsel to request dismissal of the indictment due to the use of falsified or reckless use of falsified evidence was ineffective.

<u>Id.</u>

<u>Fourth Ground</u>:

Trial counsel's failure to request more time demonstrated an abandonment of Mr. Anderson at a critical stage in the trial and is *per se* harmful.

<u>Id.</u> at 40.

<u>Fifth Ground</u>:

Trial counsel was ineffective for failing to request additional time for closing argument.

<u>Id.</u>

<u>Sixth Ground</u>:

Appellate counsel was ineffective concerning the failure to request additional time for closing argument as appellate counsel failed to demonstrate prejudice under the plain error standard.

<u>Id.</u> at 57.

<u>Seventh Ground</u>:

Trial counsel's failed cross examination of a key government witness demonstrated an abandonment of Mr. Anderson at a critical stage in the trial and is *per se* harmful.

<u>Id.</u> at 63.

4

Eighth Ground:

Trial counsel [sic] failed cross examination of a key
government witness was ineffective.

Id.

Ninth Ground:

Trial counsel's failure to preserve error concerning a
lesser included [sic] offense was ineffective.

Id. at 69.

Tenth Ground:

Appellate counsel's failure to raise the error of the
failure to submit a lesser included [sic] offense on appeal
was ineffective.

Id.

Eleventh Ground:

Falsified evidence or falsified evidence was recklessly used
by the Government, and permeated this matter from the
inception of the case.

Id. at 73.

Twelfth Ground:

The cumulative error arising from the cited grounds require
[sic] reversal.

Id. at 86.

III.

Analysis

A.   Legal Standards

   1.   Legal Standard for Motions under 28 U.S.C. § 2255

   After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted.  United States v. Frady, 456 U.S.
152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32
(5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).  "A
defendant can challenge his conviction [or sentence] after it is
presumed final only on issues of constitutional or jurisdictional
magnitude, and may not raise an issue for the first time on
collateral review without showing both 'cause' for his procedural
default, and 'actual prejudice' resulting from the error."
Shaid, 937 F.2d at 232 (citation omitted).

   Section 2255 does not offer recourse to all who suffer trial
errors.  "It is reserved for transgressions of constitutional
rights and ...[other narrow injuries]...that could not have been
raised on direct appeal and, would, if condoned, result in a
complete miscarriage of justice."  United States v. Capua, 656
F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a
"writ of habeas corpus will not be allowed to do service for an
appeal."  Davis v. United States, 417 U.S. 333, 345 (1974).

6

2.    Ineffective Assistance of Counsel

On the same day in 1984, the Supreme Court ruled on two
cases setting two different standards for an ineffective
assistance of counsel claim under habeas corpus:  Strickland and
Cronic.  In the present action, movant sought relief under both
standards.

The "right to counsel is the right to the effective
assistance of counsel."  Strickland v. Washington, 466 U.S. 668,
686 (1984).  In determining whether the assistance of counsel has
been ineffective, Strickland lays out a two part analysis.
"First, the defendant must show that counsel's performance was
deficient."  Id. at 687.  That "requires showing that counsel
made errors so serious that counsel was not functioning as the
'counsel' guaranteed by the Sixth Amendment."  Id.  The courts
are "highly deferential" in analyzing counsel's performance.  Id.
at 689.  Furthermore, choices made based on professional judgment
must be respected.  Id. at 681.  In determining whether counsel
was deficient, "[t]he proper measure of attorney performance
remains simply reasonableness under prevailing professional
norms."  Padilla v. Kentucky, 559 U.S. 356, 366 (2010).
Secondly, "the defendant must show that the deficient performance
prejudiced the defense."  Strickland, 466 U.S. at 687.  "With
respect to prejudice, a challenger must demonstrate 'a reasonable
probability that, but for counsel's unprofessional errors, the

7

result of the proceeding would have been different.'" _Harrington_
_v. Richter_, 131 S. Ct. 770, 787 (2011) (quoting _Strickland_, 466
U.S. at 694). "Counsel's errors must be 'so serious as to
deprive the defendant of a fair trial, a trial whose result is
reliable.'" _Id._ at 787-788 (quoting _Strickland_, 466 U.S. at
687). The inquiry should be based on the fairness and
reliability of the underlying trial, not on "mere outcome
determination." _Lockhart v. Fretwell_, 506 U.S. 364, 369 (1993).
Furthermore, "[t]he likelihood of a different result must be
substantial, not just conceivable." _Harrington_, 131 S. Ct. at
792.

    Unlike _Strickland_, cases that fall within the purview of
_United States v. Cronic_, 466 U.S. 648 (1984) do not require a
movant to prove the prejudice prong of _Strickland_, because such
prejudice is presumed. That precedent governs where there were
"situations implicating the right to counsel that involved
circumstances 'so likely to prejudice the accused that the cost
of litigating their effect in a particular case is unjustified.'"
_Bell v. Cone_, 535 U.S. 685, 695 (2002) (quoting _Cronic_, 466 U.S.
at 658-659). Supreme Court precedent has identified three such
situations: (1) where there is "complete denial of counsel," (2)
"if counsel _entirely_ fails to subject the prosecution's case to
meaningful adversarial testing," and (3) "where counsel is called
upon to render assistance under circumstances where competent

8

counsel very likely could not...." <u>Id.</u> at 695-696. In

discussing the presumption of prejudice based on the second such

situation, the Supreme Court has held that "the attorney's

failure must be complete." <u>Id.</u> at 697. Therefore, in order to

be entitled to habeas relief under <u>Cronic</u>, movant must show that,

throughout the entirety of the proceeding, defense counsel failed

to subject the prosecution's case to meaningful adversarial

testing. <u>Id.</u>

Ineffective assistance claims involving appellate counsel

are also governed by <u>Strickland</u>. <u>United States v. Phillips</u>, 210

F.3d 345, 348 (5th Cir. 2000) (stating "[a] claim of ineffective

assistance based on the failure to argue an issue on appeal is

governed by the familiar two-part <u>Strickland</u> test ...."). To

show prejudice in terms of appellate counsel, movant must show

that the court "would have afforded relief on appeal." <u>Id.</u> at

350.

B.   <u>None of the Grounds of the Motion Has Merit</u>

    1.   <u>First through Third Grounds</u>

Movant's First through Third Grounds stem from an error made

by Kevin Brown("Brown"), a Fort Worth police officer assigned to

the Drug Enforcement Administration ("DEA"). Brown stated

incorrectly in the government's application for a search warrant

that Gerry wrote the same text message to movant twice, instead

of only once. This same mistake was presented to the grand jury.

The text message read "A., I'm going to need my $..Dealing out some stocks spose to double 2 wks.  Hope ur home".  Mem. at 31 n.132.  The message was actually sent only once on June 11, 2009 in the afternoon.  At trial, this mistake was disclosed to the jury, and the jury was made aware that the text message was sent only once.  Because of such mistake, movant states that the indictment should be dismissed and that trial counsel was ineffective for failing to request such dismissal.

Movant has not shown that the indictment should have been dismissed.  "[D]ismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations."  Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988) (quoting United States v. Mechanik, 475 U.S. 66, 78 (1986)).  Movant argues that the context surrounding the message on the day it was actually sent shows that the message itself was, in fact, about stocks.  However, DEA Agent Ronald Robinson testified at trial that, preceding the text message in question, Gerry had sent a message at 2:50 p.m. stating "Yes. Got Tango Blast either to be here or I will go to them. Will be decided PDQ. All's well. Xcurtion setting where I drove to from su casa, my house."  Trial Tr. vol.

2 at 122.   Agent Robinson then testified that Tango Blast is a "predominantly Hispanic street gang."   Id. at 123.

Furthermore, the evidence showed that text message in question, regardless of the number of times it was sent, was still sent prior to the transfer of $60,000 from movant to Gerry, and that transaction formed the basis of movant's conviction for money laundering.   Under these circumstances, it cannot be said that a mistake in duplicating a text message would undermine the entire grand jury proceeding.   Therefore, without a showing of prejudice to the movant, it would not have been appropriate for this court to dismiss the indictment had defense counsel requested such a dismissal.

Furthermore, at this stage, any defect in the grand jury proceedings is harmless error.   The Supreme Court has held that a "petit jury's verdict render[s] harmless any conceivable error in the charging decision that might have flowed from the violation."   Mechanik, 475 U.S. at 73.   Because a verdict has already been rendered in this case "there is no simple way ... to restore the defendant to the position in which he would have been had the indictment been dismissed before trial."   Id. at 71.   Because the petit jury has rendered a verdict in this case, any defect in the grand jury proceedings is harmless error, and therefore no relief can be granted to movant.

Regarding movant's ineffective assistance of counsel claim (Third Ground), because dismissal of the indictment in this situation would not have been appropriate, movant can show no prejudice from counsel's failure to request such a dismissal.

Therefore, none of these grounds entitle movant to habeas relief.

### 2.   Fourth through Sixth Grounds

Movant's Fourth through Sixth Grounds for relief are based on the court restricting his trial counsel to five minutes for closing argument.  Movant argues that trial counsel was ineffective for not requesting more time and that appellate counsel was ineffective in how he addressed this ground on appeal.  At trial, the court granted each defendant four minutes for closing argument.  Movant's trial counsel requested an additional minute, because he believed his case was more complicated.  His request was granted.  The brevity of the closing argument was an issue raised on appeal, but the Fifth Circuit could not find plain error from the record without an offer of proof from movant "as to what arguments he was foreclosed from making in his abbreviated closing argument" and without appellate counsel explaining "how his argument would have been different if allowed additional time."  United States v. Holt, 493 F. App'x 515, 522 (5th Cir. 2012).  Because it was already litigated on appeal, the time limit on closing argument

12

would not be an appropriate basis for relief under § 2255.
However, movant argues that both trial counsel and appellate
counsel were ineffective in addressing this issue at trial and on
appeal.

Movant's trial counsel was not ineffective for failing to
request more time for closing argument. <u>Strickland</u> is a very
deferential standard.   In comparison to the limitations placed on
all other parties' closing arguments, defense counsel made a
tactical decision to ask for only one more minute.   Furthermore,
movant cannot show prejudice from trial counsel's failure to
object to the five minute time limit, because movant has not
shown it likely that trial counsel would have received more time
for closing argument had he asked for it.   Without a showing of
deficient performance and prejudice, it cannot be said that trial
counsel was ineffective.

Likewise, while appellate counsel argued to the wrong
standard of review, and failed to state what trial counsel would
have covered if given extra time for closing argument, appellate
counsel also was not ineffective.   Those errors cannot be said to
stem from professional judgment.   However, movant has shown no
prejudice from those errors.   In his petition, movant set forth a
list of what he believed should have been included in trial

counsel's closing argument, if counsel had been given additional

time:

> Fully parse Anderson's exemplary past history,
> business acumen, and good works in the community
> testified to by Anderson's witnesses.
>
> The absence of any drug possession, drug usage,
> drug sales, drug deliveries, drug paraphernalia or
> anything else of a criminal nature relating to Mr.
> Anderson.
>
> That the picture of the purported drug deals must
> be examined in light of the sudden onset of
> business difficulties facing Mr. Anderson.
>
> Fully give life to Mr. Anderson's relationship
> with Gerry--and that his relationship did not
> include either conspiring to distribute
> methamphetamine or launder monies.
>
> Demonstrate the depth of the "mistaken" messages,
> and forcibly argue that the "mistake" was more
> than mere negligence.  This would include
> reference to the improbability that the "mistaken"
> message were in fact "mistaken," and that the
> Government's own investigation defied their
> analysis of the message.  For instance, although
> the agents knew that Anderson and Gerry were
> physically located in the same location together
> during this time, Agent Robinson testified that
> Anderson was texting Gerry during the time.
> Moreover, that the Government had sponsored and
> used the "mistaken" messages, at least in part to
> obtain the initial and superceding [sic]
> indictments against Mr. Anderson.
>
> Give the jury a fuller picture of the Government
> witnesses who testified against Mr. Anderson,
> besides labeling them "rats."  This would include
> exposing their lies about Mr. Anderson being able
> to interpret the English language into Spanish.

Mem. at 61-62 (footnotes omitted).  Trial counsel did cover some

of these points in his closing, and the rest were not pertinent

to the jury's inquiry.  He made statements about movant's character witnesses and movant's inability to lie.  Trial Tr. vol. 3 at 64-65, Jan. 13, 2010.  He highlighted the fact that none of the surveillance involved movant in possession of drugs, distributing drugs, or selling drugs.  Id. 63.  While it is true that trial counsel did not thoroughly cover movant's business difficulties or his relationship with Gerry, movant has not shown how those arguments would be relevant in disputing the charges on which movant was convicted.  Trial counsel also did not cover the mistaken message explicitly in closing, however movant does not state what relief a jury could have afforded had they found there to be government malfeasance.  Lastly, trial counsel devoted a large amount of his time to discrediting the government's witnesses over and above labeling them as "rats".  Id. at 64-65. He noted their felony records and compared them to movant's lack of a record at length.  Id.  Furthermore, owing to the great weight of evidence presented against movant, the brevity of closing argument does not cast doubt on the fairness of the trial.

Movant has not shown that the Fifth Circuit would have found plain error in restricting closing argument had appellate counsel provided the above statements on appeal.  Therefore, movant cannot show prejudice from appellate counsel's actions.  Thus,

movant is not entitled to habeas relief on his Fourth through
Sixth Grounds.

    3.  <u>Seventh and Eight Grounds</u>

    The Seventh and Eighth Grounds involve trial counsel's
cross-examination of Brown regarding the duplicated text message.

    Movant first argued that the conviction must be overturned
because his trial counsel's examination of Brown was so deficient
that it amounted to no adversarial testing of the prosecution's
case so that it was <u>per se</u> prejudicial under <u>Cronic</u>, and
therefore ineffective.  Movant's trial counsel called Brown to
the stand during his case in chief.  He asked several questions
of Brown and again brought out the mistake made in the search
warrant, a mistake which was raised at least three times in the
trial.  Furthermore, trial counsel called approximately seven
witnesses in defense of movant.  Based on this level of effort,
it cannot be said that trial counsel failed completely to subject
the prosecution's case to adversarial testing.  Therefore counsel
was not ineffective under the <u>Cronic</u> standard.

    The Eighth Ground relied on the same cross-examination to
argue ineffective assistance of counsel under <u>Strickland</u>.  Movant
argued that trial counsel should have questioned Brown further
about the text message, and that he should have admitted the
wiretap application.  However, movant does not state what
additional questions trial counsel should have asked when he did

in fact once again highlight the text message error.  As to the wiretap application, movant does not state how admitting another affidavit, presumably containing the same mistake regarding the duplicate text message as the indictment and the warrant affidavit, would have furthered movant's case.

Due to the overwhelming amount of evidence presented at trial, it is unlikely that spending a few more moments on the duplicate text message, which was covered at least three times at trial, would have affected the jury's verdict as required by the prejudice prong of <u>Strickland</u>.  Because movant cannot show prejudice, his claim of ineffective assistance on these grounds must fail.

     4.   <u>Ninth through Tenth Grounds</u>

The Ninth through Tenth Grounds are based on the absence from the jury charge of a misprision of a felony lesser-included offense charge.  Movant argued in the alternative that either trial counsel was ineffective for failing to preserve the error (Ninth Ground), or appellate counsel was ineffective for failing to raise it on appeal (Tenth Ground).  In either case, these claims fail because misprision is not a lesser-included offense of money laundering.

"A defendant is entitled to a jury instruction on a lesser-included offense if (1) the elements of the lesser offense are a subset of the elements of the charged offense (statutory elements

17

test), and (2) the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense yet acquit him of the greater." United States v. Fitzgerald, 89 F.3d 218, 220 (5th Cir. 1996). One of the elements of misprision is "that the defendant 'failed to notify authorities of the felony.'" United States v. Avants, 367 F.3d 433, 450 (5th Cir. 2004) (citation omitted). The crime of money laundering does not include that element, as noted by the court and movant's counsel in the charge conference. Mem., Ex. G. Because movant was not entitled to include as a lesser-included offense misprision of a felony, it cannot be said that either counsel was deficient. Without a showing of deficiency, movant's Ninth and Tenth Grounds must fail.

    5.  Eleventh Ground

    The Eleventh Ground complained of denial of due process based on alleged use by the government of perjured testimony. "A state denies a criminal defendant due process when it knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected." Creel v. Johnson, 162 F.3d 385, 391 (5th Cir. 1998). To gain relief on due process grounds, the movant "must show that (1) the testimony was false, (2) the state knew it was false, and (3) the testimony was material." Id.

    Movant argued that due process requires a new trial because there is evidence that several witnesses lied on the stand.

However, in order to prevail on due process grounds, movant must prove that the government knew it was presenting false evidence. United States v. Agurs, 427 U.S. 97, 103 (1976). Without reaching the question of whether any evidence presented at trial was false, the court finds that movant has presented no basis to conclude that the government knew of any false evidence being presented.

### 6. Twelfth Ground

In his Twelfth Ground, movant argued that the cumulative error doctrine applied, and thus a new trial should be granted. The cumulative error doctrine "necessitates reversal only in rare instances." United States v. Delgado, 672 F.3d 320, 344 (5th Cir. 2012). It "justifies reversal only when errors 'so fatally infect the trial that they violate the trial's fundamental fairness.'" Id. (citation omitted). It is even more uncommon where "the government presents substantial evidence of guilt." Id. Movant has not pointed the court to any errors, whether alone or in combination, that would justify a reversal. Furthermore, because of the substantial evidence of guilt, the cumulative error doctrine could not be applicable to this action.

### C. Conclusion

For the reasons stated above, the court has concluded that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody should be denied.

IV.

Order

Therefore,

The court ORDERS that movant's § 2255 motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 6, 2014.

JOHN McBRYDE
United States District Judge